JOHN H. BAILEY AND GEORGE B. STORM v. SEBA MURPHY, MARGARET MURPHY, DAN B. MILLER, AND JOHN J. DE GRAFF.

Under the statute regulating the terms on which non-resident defendants, in mortgage cases, are permitted to appear and defend, two things only are required of the defendant, viz: his appearance before the mortgaged premises are sold on the decree, and the payment of such costs as the Court shall award. The costs only are left discretionary with the Court, and, on the payment of them, defendant has a right to interpose a defence.

The statute extends to all defendants who are non-residents, and makes no distinction between mortgagors and subsequent incumbrancers.

PETITION by a non-resident defendant, for leave to come in and defend a mortgage foreclosure.

The bill in this case was filed to foreclose a mortgage given by Murphy and wife. A decree had been entered, and the premises were advertised to be sold by a Master. John J. De Graff, a non-resident defendant, presented a petition to be let in to defend.

The petition stated that defendant was, and had been for several years, a resident of the city of Schenectady, in the state of New York, and that he had never resided in the state of Michigan. That he had not been served

with process, and had no notice of the suit until within the last few days, when he was informed such suit was pending, and that he was a party defendant. That he was the *bona fide* owner and holder of a second mortgage upon the premises, executed by Murphy and wife, December 17th, 1839, for $1,100, and interest. That he had made a full statement of all the facts and circumstances in relation to said mortgage, so far as they had come to his knowledge, to his counsel, who advised him he had a good defence to the suit, and the first mortgage to be foreclosed thereby.

*T. Romeyn,* for petitioner.

*A. D. Fraser,* contra.

THE CHANCELLOR. Where a bill is filed to foreclose a mortgage, against a non-resident defendant, who fails to appear within the time allowed by the order for his appearance, the statute provides that if he, at any time before the sale of the mortgaged premises, shall appear, and pay to the complainant such costs as the Court shall award, the Court shall stay the sale, and the same proceedings shall be thereafter had, as if the defendant had been served with process, and had regularly appeared. *R. S.* 373, § 89.

To avail himself of the statute, two things only are required of the defendant, viz : his appearance before the mortgaged premises are sold, on the decree, and the payment of such costs as the Court shall award. The costs only, are left discretionary with the Court, and, on the payment of them, defendant has a right to interpose a defence. The Court will guard against the abuse of this right by defendants, by the power it has to award costs. The statute extends to all defendants. It is not limited

to the mortgagor.   It makes no distinction between the mortgagor and a subsequent incumbrancer, and the Court will make none.

Motion granted.